IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CARL EARL STANTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 22-cv-3208-PX |
| JAN ROCHE, *et al.*, | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

Pending in this contract dispute is a motion to dismiss the Complaint filed by Defendants Jan Roche, Randy McClintoch, Shalonda Johnson, and Diane Pinto. ECF No. 8. Also pending is Plaintiff Carl Earl Stanton's motion to amend the Complaint, ECF No. 7, a motion "Questing Foreign Agents' Registration Act of 1938 (FARA) Registration Statements Be Submitted for the Record in Above Case Pursuant to 22 U.S.C. § 612(a)," ECF No. 11, and a motion "Requesting Attached 'Redacted Notarized Sworn Affidavit' Be Filed in the Above Case as Evidence to Rebuttal Counsel(s) Referencing Defendants as 'Alleged Agents' Officers or Employees," ECF No. 16. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Defendants' motion is granted. Stanton's motion to amend is denied as futile and the remaining motions are denied as moot.

I.  **Background**

Stanton, who proceeds pro se, has filed a near inscrutable Complaint. As best the Court can discern, Stanton alleges that he entered into what he terms an "unconscionable agreement" with the State Department Federal Credit Union (the "Credit Union") on December 8, 2020. ECF No. 1 ¶ 1. Defendants work at the Credit Union. *See id.* at 1. Evidently, the agreement

required Stanton to make monthly payments to the Credit Union; but the Complaint gives no other detail about the terms and conditions of the agreement or even the amount which Stanton was expected to pay.

On June 8, 2022, Stanton filed a form with the IRS asking that the balance on the "unconscionable contract" be "settled (paid in full)." ECF No. 1 ¶ 3.  The IRS, according to the Complaint, "approved Plaintiff's application" and sent Defendant Jan Roche "instructions to receive payment."  *Id.* ¶ 4.  On June 28, 2022, Stanton sent Defendant Jan Roche a letter asking if the Credit Union had received the "approved IRS form" to "settle the principal balance and when it will be processed."  *Id.* ¶ 5.  Defendant Diane Pinto responded, explaining that Stanton "cannot file forms to the IRS on behalf of the credit union."  *Id.* ¶ 6.

Stanton next sent Defendants correspondence in which he "agreed to accept Defendants [sic] response not to accept Plaintiffs [sic] settlement" if "Defendants return the payments that Defendants refused to accept."  *Id.* ¶ 7.  Defendant Pinto responded that the Credit Union "cannot accept future payments" characterized as payments in full, nor could it accept the "terms and conditions contained in your communication notarized July 19, 2022."  *Id.* ¶ 8.  Stanton sent additional repeated requests for the return of his previous payments, without success.  *Id.* ¶ 9.  On September 3, 2022, Defendant Johnson also informed Stanton that repayment needs to be in "U.S. Dollars."  *Id.* ¶ 10.

Stanton now sues Defendants for (1) "peonage" in violation of the Thirteenth Amendment to the United States Constitution; (2) denial of his Fifth Amendment due process rights in connection with an arbitration proceeding; and (3) submitting "false filings" in violation of the Federal Debt Collections Practices Act, (the "FDCPA"), 15 U.S.C. § 1692e(8).  *Id.* ¶¶ 13–14.  The Complaint also references an assortment of statutory provisions and common law

terms not organized into any coherent cause of action.  *See id.* at 5.  Accordingly, for the reasons discussed below, the Complaint must be dismissed.

II.     **Defendants' Motion to Dismiss**

   A.     **Standard of Review**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of the complaint," viewing the complaint facts as true and most favorably to the plaintiff.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A complaint need only satisfy the standard of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, courts cannot ignore a clear failure to allege facts setting forth a cognizable claim.  *Compare Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (explaining that pro se complaints are not held to the same pleading standard as those prepared by lawyers) *with Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").  When the complaint "'is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised,'" dismissal is proper.  *Bell v. Bank of Am., N.A.*,

No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

**B.     Analysis**

Defendants first contend that the Thirteenth Amendment claim fails essentially because they have not committed Stanton to "involuntary servitude." ECF No. 8-1 at 5.  To be sure, the Thirteenth Amendment to the United States Constitution abolished slavery and involuntary servitude.  *See* U.S. Const. amend. XIII; but no independent cause of action lies for supposed violations of the same.  *Westray v. Porthole, Inc.*, 586 F. Supp. 834, 838–39 (D. Md 1984).  Nor does the Complaint make plausible that Defendants committed such an offense, even taking as true that Stanton is still obligated to pay on the so-called "unconscionable agreement." *See* ECF No. 1 at 2.  The claim fails as a matter of law.

Defendants next urge the Court to dismiss the Fifth Amendment due process claim as equally baseless.  ECF No. 8-1 at 4.  The Complaint refers solely to Stanton's denial of due process during arbitration proceedings but offers no other detail about the arbitration.  ECF No. 1 ¶ 13.  Most fatal, however, is that the Due Process Clause of the Fifth Amendment protects a citizen from deprivations exacted by the federal government.  *See* U.S. Const. amend. V; *see also Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 803 (D. Md. 2001).  Stanton has averred no facts which make plausible that Defendants, as Credit Union employees, are agents of the federal government.  *Nix v. NASA Fed. Credit Union*, F. Supp. 3d 578, 588 (D Md. 2016).

Alternatively, even if Defendants somehow were government actors, no facts make plausible that they deprived Stanton of "life, liberty, or property, without due process of law." U.S. Const. amend. V.  Even accepting the Complaint facts as true, Stanton has pleaded little

4

more than a disagreement with the Credit Union over repayment terms on a loan. But mere disagreement with a lender does not equate to deprivation of property without due process.

Last, Defendants argue that they cannot be held to account for any FDCPA violations because the Complaint has not made plausible that they are "debt collectors" as contemplated by the statute. ECF No. 8-1 at 5. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Among those practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false." *Id.* § 1692(e)(8). The FDCPA defines "debt collector" as "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131 (4th Cir. 2016), *aff'd*, 582 U.S. 79 (2017) (emphasis omitted) (citing § 1692a(6)). However, nothing in the Complaint makes plausible that Defendants, as mere employees of a Credit Union, amount to "debt collectors" such that the FDCPA protections are triggered. Thus, this claim also fails as a matter of law.

The Complaint also offhandedly refers to other supposed violations, none of which provide a cause of action. *See* ECF No. 1 at 5. Reference to 18 U.S.C. § 876 – a *criminal* provision prohibiting the mailing of threatening communications – cannot form the basis of a civil claim. *See Flowers v. Tandy Corp.*, 773 F.2d 585, 589 (4th Cir. 1985) (observing that a private cause of action in a criminal statute "should be found only where a statute clearly indicates that the plaintiff is one of a class for whose benefit the statute was enacted and there is some indication that Congress intended such a cause of action to lie"). Similarly, 18 U.S.C. § 8 merely defines the term "obligation or other security of the United States," but does not itself

give rise to a cause of action. Last, to the extent Stanton intended to pursue a claim dependent on an "unconscionable" loan agreement, *see* ECF No. 1 ¶ 1, he has averred no facts that make plausible a contract claim.

Because the Complaint fails to make plausible a cause of action against any Defendant, it shall be dismissed. The Court next turns to Stanton's motions.

### III. Stanton's Motions

Stanton moves to "Amend Claim," first to clarify that the agreement of which Stanton complains was "initiated" in connection with a car purchase at the Upper Marlboro Ford car dealership. ECF No. 7 ¶ 1.[1] Stanton also expands on his central allegation that he had satisfied the debt owed to the Credit Union. *Id.* ¶¶ 4–6.

Rule 15(a)(2) requires courts to "freely give leave" to amend a complaint "when justice so requires." However, where the proposed amended claims are "futile," amendment should be denied. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). A claim is futile where the proposed amended complaint, construed most favorably to the plaintiff, nonetheless fails to state a claim. *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

Stanton's proposed Amended Complaint appears to aver that the Credit Union had deducted funds from Stanton's account for a six-month period, including "after the ***dollar*** cost amount on the contract was reached." ECF No. 7 ¶ 5 (emphasis in original). From this, the proposed Amended Complaint accuses Defendants of "Breach of Trust and Theft." *Id.* But the attachments to the proposed Amended Complaint reflect that Stanton carried a balance on the loan when the loan payments were being deducted. ECF No. 7-2. Nor do any other allegations

---

[1] When Stanton first filed the Complaint, the Court expressed concern that venue was lacking in this District. Stanton's proposed amendment appears to address that concern. And in any event, Defendants have not raised the defense of improper venue, and so it is waived. *See Lanehart v. Devine*, 102 F.R.D. 592, 593 (D. Md. 1984) (citing Fed. R. Civ. P. 12).

make plausible that Defendants participated in the unauthorized or wrongful deduction of funds from Stanton's account.  Accordingly, because the proposed amended claims fail as a matter of law, the motion to amend is denied.

Stanton's remaining motions "Questing Foreign Agents Registration Act" (ECF No. 11), and to file a "Redacted Notarized Sworn Affidavit" (ECF No. 16) are denied as moot.

### IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss the Complaint (ECF No. 8) is GRANTED.  Stanton's motion to amend the Complaint (ECF No. 7) is denied and the remaining motions (ECF Nos. 11, 16) are denied as moot.  A separate order follows.

November 28, 2023                                                                  /s/
Date                                                                                          Paula Xinis
                                                                                                   United States District Judge